[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15068
Non-Argument Calendar

_____

D. C. Docket No. 02-01401-CV-T-N

RUTH LYNN DEPUTY,

Plaintiff-Appellant,

versus

COLONIAL BANK,

Defendant-Appellee,

JUDY MILLS, Senior Vice
President-Retail Operations,
et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(May 2, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ruth Lynn Deputy, an African-American female, proceeding pro se, appeals the jury verdict in favor of Colonial Bank on her complaint of racial and sexual employment discrimination under Title VII and section 1983. Liberally construed, Deputy argues that she was entitled to judgment as a matter of law because the jury verdict is against the great weight of the evidence and, in the alternative, that the district court erred when it did not grant her a new trial. Because both arguments fail, we affirm.

First, a district court may not grant a judgment notwithstanding the verdict unless the moving party first made a timely motion for directed verdict at the close of the evidence. Redd v. City of Phenix City, 934 F.2d 1211, 1214 (11th Cir. 1991). Because Deputy did not move for a directed verdict at the close of the evidence, the district court was precluded from granting judgment notwithstanding the verdict.

Second, we review the denial of a motion for a new trial for abuse of discretion, and we will only reverse if the verdict is against the great weight of the evidence. See id. To prevail on her claims of discrimination, Deputy was required to prove that the employment decision of Colonial Bank was motivated by sex or

2

race. Although Deputy argues that she was as qualified as the individual who was selected for the promotion, testimony was presented at trial that Colonial Bank did not promote Deputy because it did not believe that she was qualified for the position. The jury was entitled to believe that testimony. The verdict was not against the great weight of the evidence, and the district court did not abuse its discretion when it denied Deputy's motion for a new trial.

**AFFIRMED.**